UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CRIMINAL ACTION NO. L-05-2392 |
| | § | |
| JESUS MARTINEZ-IBARRA, *et al*, | § | |
| | § | |
| Defendant. | § | |

## ORDER DENYING MOTION TO SUPPRES AND TO DISMISS

Pending before the Court is Defendant Jesus Martinez-Ibarra's Motion To Suppress Evidence and to Dismiss the Indictment [Doc. No. 26].  Fifth Circuit precedent and the Locals Rules of the United States District Court for the Southern District of Texas require that a motion set forth with specificity the material facts at issue.  In particular, the Fifth Circuit has held that "[f]actual allegations in the defendant's motion must be sufficiently definite, specific, detailed, and non conjectural, to enable the Court to conclude that a substantial claim is presented." *United States v. Dean* , 100 F.3d 19, 21 (5th Cir. 1996).  Rule 12.2 of this District's local rules similarly requires that  a motion which presents issues of fact set forth with particularity the material facts at issue and that it be supported by affidavit or declaration.

Defendant's motion fails to set forth the disputed facts.   While the motion does state that Defendant "never knowingly, voluntarily and intelligently waived his rights before he was questioned," such statement is conclusory.[1]  Defendant's motion wholly fails to identify any disputed facts.  In the absence of factual allegations setting forth the disputed facts, Defendant's motion to suppress is hereby DENIED.

---

[1]In a separate section, the motion states that "Mr. Juarez-Perez" did not knowingly and intentionally waive his *Miranda*  rights.  Defendant's name in Jesus Martinez- Ibarra.

Defendant also seeks dismissal on the basis that certain of the material witnesses have been deported and cites *United States v. Valenzuela-Bernal*, 458 U.S. 858 (1982) in support of his motion to dismiss. *Valenzuela-Bernal* requires, among other things, that Defendant offer some plausible explanation of the assistance he would have received from the testimony of the deported witnesses in order to establish a Sixth Amendment violation. *Id.* at 871. Defendant has wholly failed to do so. Additionally, and as noted by the Court in *Valenzuela-Bernal,* "it should be remembered that [Defendant] was present throughout the commission of this [alleged] crime. No one knows better than he what the deported witnesses actually said to him, or in his presence, that might bear upon whether he knew that [Valentin Salas-Guerrero and Alvaro Jesus Contreras-Garcia were] illegal alien[s] . . . . And, in light of the actual charge made in the indictment, it [is] only the status of [these two aliens] which is relevant to the defense. [These two aliens,] of course, remained fully available for examination by the defendant and his attorney." *Id*. Accordingly, Defendant's motion to dismiss is DENIED.

SIGNED this 17th day of November, 2005.

Micaela Alvarez
United States District Judge